IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| MILES MUSGRAVES | * | |
| Reg. #11031-025 | * | |
| | * | |
| Petitioner | * | |
| v. | * | No. 2:25-cv-00021-JJV |
| | * | |
| CRAIG STALHOOD, Warden, | * | |
| Federal Correctional Institution Forrest City[1] | * | |
| | * | |
| Respondent | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Petitioner Miles Musgraves brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") has improperly failed to transfer him to prerelease custody pursuant to the First Step Act of 2018, 18 U.S.C. §§ 3631-3635. (*Id*. at 1-3.) After careful consideration of Mr. Musgraves's Petition as well as the Response (Doc. No. 6), I find the Petition must be dismissed without prejudice.

**II.   FACTS**

Pursuant to an amended judgment entered December 7, 2016, in the United States District Court for the Southern District of Illinois, Mr. Musgraves was convicted of one count of maintaining a drug-involved premises near a school and one count of being a felon in possession of ammunition. (Doc. No. 6-4 at 1.) He was sentenced to an aggregate term of twenty years' imprisonment. (*Id*. at 2.) Mr. Musgraves is currently serving his sentence at the Federal

---

[1] Francene Helaire has replaced Craig Stalhood as Acting Warden of the Federal Correctional Institution – Forrest City and is, therefore, the appropriately named respondent. (Doc. No. 6 at 1.) The Court directs the Clerk of Court to amend the docket to substitute her as the respondent.

Correctional Institution – Forrest City Low and is expected to be released via First Step Act time credits on December 27, 2029. (Doc. No. 6-1 at 1, 7-8.)

According to Mr. Musgraves, the BOP "previously projected" him to transfer to prerelease custody via First Step Act credits on August 10, 2025. (Doc. No. 1 at 1.) He argues that with this projection, "in tandem with a projection of 12 months of prerelease custody placement under the Second Chance Act," he should have been transferred to prerelease custody on August 10, 2024. (*Id*.) Mr. Musgraves says the BOP has failed to provide him a definitive answer as to when or if he will be transferred, and he seeks an order requiring his immediate transfer to prerelease custody. (*Id*. at 1-3.) Respondent Francene Helaire, Acting Warden of the Forrest City Low FCI, argues in part that Mr. Musgraves's Petition should be dismissed based on his failure to exhaust his administrative remedies. (Doc. No. 6 at 2-5.)

### III.   ANALYSIS

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for

Administrative Remedy." *Id*. at § 542.13(a).  Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level.  *Id*. at § 542.14(a).  Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director."  *Id*. at § 542.15(a).  Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel."  *Id*.  An inmate may seek judicial review only after exhausting each of these steps.  *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. Musgraves failed to present his claim to the BOP through its Administrative Remedy Program.  Specifically, according to BOP records, Mr. Musgraves has not submitted any Administrative Remedy Requests during his incarceration.  (Doc. No. 6-1 at 3, 10.)  Mr. Musgraves acknowledges his failure to exhaust but argues the exhaustion requirement should be excused for futility, since he could be transferred to prerelease custody before having a chance to complete the steps of the Administrative Remedy Program.  (Doc. No. 1 at 2.)  In light of Mr. Musgraves's assertion that he should have been transferred in August 2024, the Court understands his concern that time is of the essence.  However, his futility claim does not hold up given the fact that he raised his concerns to both the Department of Justice Office of the Inspector General and the BOP's Office of Internal Affairs in October 2024 and January 2025.  (Doc. No. 1 at 4-6.)  Mr. Musgraves offers no explanation for having taken the time to present his claim to those offices while declining to even begin the administrative remedy process.

Because Mr. Musgraves failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition must be dismissed without prejudice.  He may

file a new petition after completing the administrative remedy process.

## IV.  CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Musgraves's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice.

DATED this 22nd day of April 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE